UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 10-20705

ALI ALAOUIE,

    Defendant.
_____/

**ORDER DENYING DEFENDANT ALI ALAOUIE'S
MOTION TO RETAIN ROUGH NOTES**

Before the court is Defendant Ali Alaouie's "Motion . . . [for] Government Agents to Retain Rough Notes." The Government has filed a response, arguing that under prevailing Supreme Court and Sixth Circuit precedent, the motion should be denied. The court agrees.

Defendant requests that the court enter an order requiring the Government to retain "any and all . . . tangible papers, objects, rough notes, compilations, tape recordings, memoranda and/or work sheets" prepared by "any government law enforcement officers who have investigated the charges in this and related cases." (Def.'s Mot. 1.) He further requests that the court conduct an "inquiry" to determine whether such notes exist. (*Id.* 2.) He also requests that, as a part of that inquiry, the court review in camera all such notes and file them with the clerk for appellate review. (*Id.*) Defendant purportedly makes his request under *Brady v. Maryland*, 373 U.S. 83 (1963) and the Jencks Act, 18 U.S.C. § 3500, but there is nothing in *Brady* or Jencks which would require the sweepingly broad relief which Defendant seeks. Instead, the

Supreme Court has clearly held that "[t]here is no general constitutional right to discovery in a criminal case, and *Brady* did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Further, contrary to Defendant's argument that he "ought not be placed in a position where the efficacy of this motion is to be determined by the government," the Supreme Court has stated that the "defendant's right to discover exculpatory evidence does not include the unsupervised authority to search through the [Government's] files." *Pennsylvania v. Ritchie,* 480 U.S. 39, 59-60 (1987) (citations omitted). Indeed, the "Court has never held—even in the absence of a statute restricting disclosure—that a defendant alone may make the determination as to the materiality of the information. Settled practice is to the contrary." *Id.* Thus, when a defendant makes a request for *Brady* material, it is the Government "that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, *the prosecutor's decision on disclosure is final.*" *Id.* (emphasis added)(footnote omitted). There is no evidence, or even assertion, that the Government has withheld *Brady* material. Thus, *Brady* provides no basis for Defendant's request.

Further, the Sixth Circuit "has held that routine destruction of interview notes after preparation of a full 302 Report [does] not violate either the Jencks Act, 18 U.S.C. § 3500, or . . . *Brady*." *United States v. McCallie*, 554 F.2d 770, 773 (6th Cir. 1977) (citations omitted). Defendant has failed to identify any relevant Sixth Circuit authority to the contrary, and the court is aware of no cases in this circuit that would justify the highly intrusive request that Defendant has made. Accordingly,

IT IS ORDERED that Defendant Ali Alaouie's "Motion . . . [for] Government Agents to Retain Rough Notes." [Dkt. # 72] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 1, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 1, 2011, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\CHD\Criminal\10-20705.ALAOUIE.AgentsNotes.wpd